# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN L. BOYD, JR., <br><br> Plaintiff, <br> vs. <br><br> DOMINGO URIBE, JR., WARDEN, <br><br> Defendant. | CASE NO. 09-CV-2468 JLS (RBB) <br><br> **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION, AND (2) GRANTING MOTION TO DISMISS** <br><br> (Doc. Nos. 9, 13) |

Presently before the Court is Respondent Domingo Uribe, Jr.'s Fed. R. Civ. P. 12(b)(6) motion to dismiss Petitioner Glenn L. Boyd, Jr.'s 28 U.S.C. § 2254 petition for a writ of habeas corpus. (Doc. No. 9.) Also before this Court is Magistrate Judge Ruben B. Brooks' report and recommendation ("R&R") advising this Court to grant Respondent's motion to dismiss, (Doc. No. 13) and Petitioner's objections and request for leave to amend. (Doc. No. 14.) For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the report and recommendation, and **GRANTS** Petitioner's request for leave to amend.

## FACTUAL BACKGROUND

Magistrate Judge Brooks' R&R contains a thorough and accurate recitation of the facts underlying Petitioner's conviction and state court trial. (R&R at 1–6.) This Order incorporates by reference the facts as set forth in the R&R.

//

**PROCEDURAL HISTORY**

Respondent filed the instant motion to dismiss on February 26, 2010, claiming that (1) the petition does not challenge the legality or duration of Petitioner's confinement, (Memo. ISO Motion at 3–4) (2) Petitioner has no liberty interest in his classification score, (*Id.* at 4–5) (3) Petitioner fails to allege sufficient facts to state a prima facie case for relief, (*Id.* at 5–6) and (4) Petitioner's contention that his commitment offense was improperly characterized is improper under habeas corpus review (*Id.* at 7). Petitioner responded May 3, 2010. (Doc. No. 12.) Magistrate Judge Brooks issued his R&R recommending that the Court deny the petition on June 8, 2010. (Doc. No. 13.) Petitioner lodged his objections on July 1, 2009. (Doc. No. 14.)

**LEGAL STANDARDS**

**I.    REVIEW OF THE REPORT AND RECOMMENDATION**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

**II.    REVIEW OF HABEAS CORPUS PETITIONS UNDER 28 U.S.C. § 2254**

Magistrate Judge Brooks correctly stated the governing legal standard in his R&R. (R&R at 6–8.) Pursuant to 28 U.S.C. § 2254(a), this Court may only review claims within an application for a writ of habeas corpus based "on the ground that [the Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 484, 498–99 (1973)). The Supreme Court has yet to address the propriety of using habeas corpus to challenge the conditions of confinement. *Docken v. Chase,* 393 F.3d 1024, 1028 (9th Cir. 2004) (citing *Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979)). However, the Ninth

1  Circuit has held that "habeas jurisdiction is absent, and a [42 U.S.C.] § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)

**III.  REVIEW OF A MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**ANALYSIS**

Magistrate Judge Brooks found that none of Petitioner's claims sufficiently stated a claim for habeas relief because all allegations challenge the conditions of Petitioner's confinement rather than the legality or duration of his state court conviction as required for relief under 28 U.S.C. § 2254. (R&R at 8–10.)

Petitioner objects to the R&R, essentially re-arguing the case that he made in his petition. The Court has reviewed the R&R and the supporting materials *de novo* and finds the R&R is correct and the petition must be dismissed. Magistrate Judge Brooks' R&R correctly identifies the facts and legal standards governing this case and comes to the proper conclusion. Therefore, the Court

1  **OVERRULES** Petitioners objections and **ADOPTS IN FULL** the R&R.

2        Petitioner's Objections, like his Petition, are centered on the November 22, 2006 Institutional
3  Classification Committee hearing that re-characterized his commitment offence as an execution-type
4  murder resulting in Petitioner's ineligibility to be housed at a level II institution and consequent
5  transfer to a level III facility. (R&R at 3; Objections at 3–8.) None of Petitioner's objections address
6  the fact that the petition does not challenge the legality or duration of his confinement.

7        Petitioner argues that reclassification is "applied in an abusive, arbitrary and capricious
8  manner." (Objections at 4.) Petitioner contends that the committee characterizations of execution-
9  type murders "apply[] [the] unusual violence definition arbitrarily," have "no clear definition of
10 unusual violence," and use "execution type murder in an ambiguous manner." (*Id*. at 7.) He argues
11 that this "cursory approach, on the fly, can now fit any up close murder" and that "the actions of these
12 committee members where there is (sic) no guild (sic) lines to define how these policies should apply,
13 inmates are being arbitrarily and capriciously place (sic) back in a level III prison." (*Id*.) "[T]he
14 Warden can not (sic) simply delegate this authority [to reclassify] to his subordinates by rubber
15 stamping the action of his staff." (*Id*. at 6.)

16       Even if accurate, Petitioner's argument against the policies and procedures of re-
17 characterization of commitment offences fails to address the R&R. These assertions cannot change
18 the basic holding that a habeas corpus claim under 28 U.S.C. § 2254 may only challenge the legality
19 or duration of confinement.

20       Petitioner also asserts that unguided application of reclassification procedures discriminates
21 against well-behaved Level II inmates. (*See id*. at 5 ("[reclassification procedures are] dubious and
22 specious to say the least, in that there appears to be an under tone (sic) discrimination against (sic)
23 certain class (sic) of inmates whom (sic) have stayed out of trouble.").) He believes that the
24 discretionary application of reclassification and inadequate training of staff are the cause of the alleged
25 discrimination. (*See id*. at 6 ("Because the new application of 3375 UCC, ICC and CSR are unable
26 to create a classification on the 'fly.' (sic) Thus, this classification policy is discriminatory. This can
27 be traced to staff inadequate training (sic).").) But these arguments also have nothing to do with the
28 legality or duration of Petitioner's confinement.

Petitioner continues his criticism of reclassification procedures claiming that "[t]his phantom classification is also inviolation (sic) of Office of Administrative Law (OAL) and the Administrative Procedure Act (APA)." (*Id.* at 6.) This argument is directed at the validity of reclassification procedures which do not implicate the legality or duration of Petitioner's confinement.

Finally, Petitioner asserts that reclassification is a violation of due process. The Court agrees with the R&R's response to Petitioner's original due process argument: "Even so, this claim, and Boyd's remaining claims, all affect the conditions of his confinement and are not cognizable under federal habeas review." (R&R at 10.)

To repeat, as found by Magistrate Judge Brooks, the petition fails because it does not challenge the legality or duration of his confinement. Petitioner's objections do not even address this question. Thus, the R&R must be **ADOPTED** and the motion to dismiss **GRANTED**.

These complaints are instead properly brought as a civil rights complaint. *See Badea*, 931 F.2d at 574. Petitioner seemingly agrees and requests either that the Court grant leave to amend to bring a claim under 42 U.S.C. § 1983 or that the Court construe his petition "as a Writ of Mandate, Alternative Writ." (Objections at 9.) In the interest of judicial economy, the Court will allow Petitioner to amend in order to assert his claim under 42 U.S.C. § 1983.

**CONCLUSION**

For the reasons stated above, the Court **ADOPTS IN FULL** Magistrate Judge Brooks' report and recommendations. The petition is hereby **DISMISSED WITHOUT PREJUDICE** and Petitioner's request for leave to amend is **GRANTED**. Petitioner **MAY FILE** his amended complaint **BY** Friday, October 1, 2010. *The Clerk of Court is directed to send Petitioner a blank 42 U.S.C. § 1983 civil rights complaint form, along with a copy of this Order.*

IT IS SO ORDERED.

DATED: August 11, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge