UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GLENN L. BOYD, JR.,

        Plaintiff,

v.

MATTHEW CATE, et al.,

        Defendants.

Case No. EDCV 10-1648-RSWL (OP)

MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

## I.

## PROCEEDINGS

On October 12, 2010, Glenn L. Boyd, Jr. ("Plaintiff") filed a pro se First Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("FAC") in the United States District Court for the Southern District of California, after being granted leave to proceed in forma pauperis. (Dkt. Nos. 18, 19.) On October 27, 2010, the case was transferred to the Central District of California. (Dkt. No. 20.)

For the reasons set forth below, the Court dismisses the FAC with leave to amend.

/ / /

/ / /

1

## II.
## STANDARD OF REVIEW

A. **PLRA Screening.**

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the FAC for the purpose of determining whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing pro se, the Court must construe the allegations of the FAC liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).

With respect to Plaintiff's pleading burden, the Supreme Court held that while a complaint does not need detailed factual allegations, "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic, 550 U.S. at 553-56 (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."); see also Iqbal, 129 S. Ct. at 1949; Erickson, 551 U.S. at 93; Moss, 572 F.3d at 968.

In order to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at 557).

The Supreme Court has set out a two-pronged approach for reviewing possible failure to state a claim. Iqbal, 129 S. Ct. at 1949-50; see also Moss, 572 F.3d at 969-70. First, the reviewing court may identify those statements in a complaint that are actually conclusions, even if presented as factual allegations. Iqbal, 129 S. Ct. at 1949-50. Such conclusory statements (unlike proper factual allegations) are not entitled to a presumption of truth. Id. In this context it is the conclusory nature of the statements (rather than any fanciful or nonsensical nature)

"that disentitles them to the presumption of truth." Id. at 1951. Second, the reviewing court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these factual allegations and reasonable inferences from them plausibly support a claim for relief. Id. at 1950; see also Moss, 572 F.3d at 969-70.

The Court is not concerned at this stage with "whether a plaintiff will ultimately prevail" but with whether he is entitled to offer evidence to support his claims. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 960 (9th Cir. 2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). However, a complaint which consists of unintelligible, narrative ramblings fails to state a claim for relief. See McHenry v. Renne, 84 F.3d 1172, 1176-79 (9th Cir. 1996); see also Awala v. Roberts, No. 07-0179 JSW (PR), 2007 WL 174404, at *1 (N.D. Cal. Jan. 22, 2007); Fed. R. Civ. P. 8(a)(1), (2), (d)(1).

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.").

**B.    Leave to Amend.**

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United

States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1106.

## III.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

In or around September 2006, Correctional Counselor A. Robles, Chair of the Unit Classification Committee ("UCC"), conducted an annual review of Plaintiff's placement and housing. After considering all pertinent case factors, Robles elected to retain Plaintiff in his current security level II housing at Chuckawalla Valley State Prison ("CSVP"). Although unclear, it appears that the Board of Prison Hearings ("Board") had at some point during this time period construed Plaintiff's commitment offense as an "execution style murder." This increased Plaintiff's classification score from nineteen to twenty-eight points. This was apparently done in response to an April 18, 2005, Memorandum issued by Deputy Director Suzanne Hubbard, which was to be implemented by May 13, 2005, and the recharacterization of Plaintiff's commitment offense as an "execution style murder" by the Board. As a result, in November of 2006, Plaintiff was reclassified by the Institution Classification Committee ("ICC") as a higher security level III inmate. Plaintiff was subsequently transferred to Centinela State Prison, a level III institution. (FAC at 3.1, 3.2; Mem. P. & A. at 1, 2. Ex. A at A8.)

Plaintiff filed an administrative grievance challenging his reclassification at the informal, formal, and director's level but was unsuccessful. (Mem. P. & A. at 2, Ex. A at A1, A51-55.)

1  Plaintiff claims that his reclassification is a violation of the Due Process
2  Clause, the Separation of Powers Doctrine, the Equal Protection Clause, the
3  Double Jeopardy Clause, the Ex Post Facto Clause, the Administrative Procedures
4  Act, and the California Code of Regulations. Plaintiff seeks declaratory and
5  injunctive relief. (Id. at 1, 15.)

## IV.
## DISCUSSION

### A. The First Amended Complaint Is Subject to Dismissal for Failure to State a Fourteenth Amendment Due Process Claim.

No prisoner has a constitutional right to be housed at a particular institution of their choosing or to receive a particular security classification. See Olim v. Wakinekona, 461 U.S. 238, 244-50, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983); Moody v. Daggett, 429 U.S. 78, 87 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (citing Meachum v. Fano, 427 U.S. 215, 224–25, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions)); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). To the extent Plaintiff alleges he has a liberty interest in his security classification, the Court finds that the FAC is subject to dismissal for failure to state a Fourteenth Amendment due process claim.

### B. The First Amended Complaint Is Subject to Dismissal for Failure to State an Ex Post Facto Claim.

A state law violates the Ex Post Facto Clause of the United States Constitution if it imposes punishment for an act that was not punishable when committed, or if it increases the amount of punishment beyond that authorized at the time the act was committed. Powell v. Ducharme, 998 F.2d 710, 713 (9th Cir. 1993) (citing Weaver v. Graham, 450 U.S. 24, 28-29, 101 S. Ct. 960, 67 L. Ed.2d 17 (1981)); see also Carmell v. Texas, 529 U.S. 513, 120 S. Ct. 1620, 146 L. Ed. 2d 577 (2000); Collins v. Youngblood, 497 U.S. 37, 110 S. Ct. 2715, 111 L. Ed.

2d 30 (1990). A prisoner's assertion of improper custody classification is often rejected because the courts afford prison officials "wide-ranging deference in the adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (quoting Bell v. Wolfish, 441 U.S. 520, 540, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)).

Although unclear, it appears that Plaintiff's ex post facto claim is based on the redetermination of his security classification based in part on the April 18, 2005, Memorandum issued by Deputy Director Suzanne Hubbard, which was to be implemented by May 13, 2005, that resulted in the increase of classification scores from nineteen to twenty-eight points for commitment offenses involving "execution style murder." However, the Deputy Director's Memorandum was not an ex post facto declaration of law, but merely a clarification or modification of existing regulations. See Davis v. Oregon Bd. of Parole, No. Civ.02-1399-MO, 2004 WL 1166478, at *10 (D. Or. May 25, 2004) ("Plaintiff also alleges that ODOC officials violated the Ex Post Facto Clause by determining his security classification based on the 1994 memo that explained the calculation of time remaining on inmate's sentences for purposes of security classification. However, the memo was not an ex post facto declaration of law, but merely a clarification of existing regulations.") As has been noted, prison officials have broad discretion to determine and adjust appropriate security measures. Frost, 152 F.3d at 1130. Plaintiff has failed to allege sufficient facts to establish an abuse of discretion in implementing the the action indicated in the April 18, 2005, Memorandum. Thus, to the extent Plaintiff alleges an ex post facto violation based on the implementation of the aforementioned Memorandum, the Court finds that the FAC is subject to dismissal for failure to state a claim for relief.

///

///

C. **The First Amended Complaint Is Subject to Dismissal for Failure to State Claims for Violations of the Separation of Powers Doctrine, the Equal Protection Clause, the Double Jeopardy Clause, and the Administrative Procedures Act.**

The FAC also alleges violations of the Separation of Powers Doctrine, the Equal Protection Clause, the Double Jeopardy Clause, and the Administrative Procedures Act. (Mem. P. & A. at 1, 15.) However, the FAC fails to provide any analysis or discussion as to what each provision requires, fails to allege how these claims are applicable here, and fails to allege how these provisions were violated. Conclusory allegations are clearly insufficient to state a claim for relief. See Bell Atlantic Corp., 550 U.S. 555-56 & n.3. It is not the duty of federal courts to try to second guess the meanings of statements and intentions of plaintiffs. Rather, the duty is upon the plaintiff who asserts a denial of his rights to come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter. Plaintiff has failed to do so. Thus, the Court finds that the FAC is subject to dismissal for failure to state claims for relief on the aforementioned claims.

## V.

## ORDER

Based on the foregoing, the Court dismisses the First Amended Complaint with leave to amend. Cato, 70 F.3d at 1106; Noll, 809 F.2d at 1448.

If Plaintiff still wishes to pursue this action, he shall have thirty (30) days from the date of this Order to file a Second Amended Complaint, attempting to cure the defects in the First Amended Complaint. The Second Amended Complaint shall be complete in itself and must remedy the deficiencies discussed. Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated. Furthermore, Plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form,

must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his Second Amended Complaint. The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form. The Second Amended Complaint shall not refer to any previously filed complaints.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: May 20, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge

5/23/11 - Mled copy and
CV Rights Complaint
CMP