O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN L. BOYD, JR., <br><br>            Plaintiff, <br>    v. <br><br> MATTHEW CATE, et al., <br><br>            Defendants. | Case No. EDCV 10-1648-RSWL (OP) <br><br> ORDER RE:  DISMISSAL OF CIVIL RIGHTS ACTION FOR FAILURE TO PROSECUTE |

## I.

## **PROCEEDINGS**

On October 12, 2010, Glenn L. Boyd, Jr. ("Plaintiff") filed a pro se First Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("FAC") in the United States District Court for the Southern District of California, after being granted leave to proceed in forma pauperis. (ECF No. 1.)  On October 27, 2010, the case was transferred to the Central District of California. (ECF No. 20.)

On May 20, 2011, the Court dismissed the FAC with leave to amend and granted him thirty days to file a Second Amended Complaint ("SAC"). (ECF No. 28.)  The Court admonished Plaintiff that his "[f]ailure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order.  Failure to remedy the deficiencies

discussed may also result in a recommendation that the action be dismissed." (Id. at 9.)

On July 11, 2011, the Court granted Plaintiff's request for an extension of time and allowed him until August 5, 2011, to file the SAC. (ECF No. 28.) The Court again admonished Plaintiff that his "failure to file a SAC may result in the dismissal of this action without prejudice for failure to prosecute and/or failure to comply with a Court order." (Id.) To date, Plaintiff has not filed the SAC, has not requested an extension of time to do so, and has not otherwise communicated with the Court.

For the reasons set forth below, the Court dismisses the First Amended Complaint without prejudice for failure to prosecute.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

The Ninth Circuit has cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (citation omitted).

Here, Plaintiff has failed to file the SAC despite being given additional time to do so and despite advisements that failure to do so could lead to the dismissal of the action for failure to prosecute. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. Thus, the first two factors weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to file the SAC, Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with the Court's order. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by allowing Plaintiff additional time to file the SAC and by advising him that his failure to do so could lead to the dismissal of the action for failure to prosecute. Plaintiff has not filed the SAC, has not requested an extension of time to do so, and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court concludes that dismissal of the First Amended Complaint without prejudice for failure to prosecute is warranted.

/ / /
/ / /
/ / /
/ / /

## III.
## **ORDER**

IT IS THEREFORE ORDERED that the First Amended Complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: October 3, 2011

                        RONALD S.W. LEW
                        HONORABLE RONALD S.W. LEW
                        Senior United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge